IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:16-CR-00074-5-MAC** |
| **v.** § | |
| § | |
| § | |
| § | |
| **WILBERT BROWN** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 16, 2020, alleging that the Defendant, Wilbert Brown, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Wilbert Brown was sentenced on February 20, 2018, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Commit Wire Fraud, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 9 and a criminal history category of VI, was 21 to 27 months. Wilbert Brown was subsequently sentenced to 13 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure,

credit/gambling restrictions, substance abuse treatment, mental health treatment, restrictions on psychoactive substance, $31,800 restitution and a $100 special assessment.

## II.  The Period of Supervision

On February 20, 2018, Wilbert Brown completed his period of imprisonment and began service of the supervision term.

On November 26, 2019, a petition to revoke Brown's supervision was filed and then later amended twice. Judge Keith Giblin held a final revocation hearing in January 2020 and entered findings of fact and a recommendation to which Brown objected.  Judge Crone then held a final revocation trial sentencing Brown to 14 months' imprisonment with 2 years of supervised release to follow.  Brown appealed his sentence, and the Fifth Circuit affirmed in part and remanded. On remand, on July 28, 2021, Judge Crone resentenced Brown to 14 months' imprisonment with a 22 month term of supervised release, removed special conditions 2-7, orally pronounced a special condition of 180 days of home detention with electronic monitoring, and ordered payment of penalties as previously established by the original judgment.

Now before the court are the violations of conditions enumerated in the petition filed on October 16, 2020.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on October 16, 2020, raising three allegations.  The petition alleges that Wilbert Brown violated the following conditions of release:

> Allegation 1. The Defendant shall not commit another federal, state, or local crime.
>
> Allegation 2. The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

<u>Allegation 3.</u> The Defendant shall be placed on home detention for a period not to exceed 180 days, to commence immediately. During this time, defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. Defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant is to pay the cost associated with his program of electronic monitoring.

### IV.  Proceedings

On August 3, 2021, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the second allegation that claimed he failed to notify his probation officer within 72 hours after being questioned by law enforcement. In return, the parties agreed that he should serve a term of 10 months' imprisonment with no supervised release to follow.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve

on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to notify the probation office within 72 hours after being questioned by law enforcement, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to notify the probation office within 72 hours after being questioned by law enforcement. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did

not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 10 months with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to notify the probation office within 72 hours after being questioned by law enforcement. The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 10 months' imprisonment with no supervised release to follow.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 4th day of August, 2021.

_____
Zack Hawthorn
United States Magistrate Judge